UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CARVALHO,<br><br>  Plaintiff,<br><br>v.<br><br>CANE CREEK CYCLING<br>COMPONENTS, INC.,<br><br>  Defendant. | Civil No. 09cv95-L(BLM)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On January 16, 2009, Defendant filed a notice of removal, removing this product liability action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380; *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds*, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).

A notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). While Defendant alleged its state of incorporation, it failed to allege its principal place of business. (Notice at 2.) For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). A notice of removal which fails to state the removing corporation's principal place of business is insufficient to establish removal jurisdiction. *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 454 (9th Cir. 1971).

Furthermore, the complaint does not allege damages in excess of $75,000, but only that they exceed $25,000. (Compl. at 1, 3.) Defendant asserts that "the matter in controversy apparently exceeds the sum of $75,000, exclusive of interest and costs." (Notice at 2.) It does not state any factual basis for this allegation, which is not supported by the complaint. This "allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the removing party's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the

/ / / / /

amount in controversy exceeds [the jurisdictional minimum]." *Gaus*, 980 F.2d at 577 (emphasis and quotations in original).

Defendant has failed to meet its burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

DATED: January 30, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL